## Case No. 8,166.

### In re LEAVENWORTH SAV. BANK.

[14 N. B. R. 82; 23 Pittsb. Leg. J. 196.] [1]

District Court, D. Kansas. March, 1876. [2]

BANKRUPTCY — AMENDED ACT — NUMBER AND AMOUNT OF CREDITORS—CORPORATION BANKRUPT.

Since the amendatory bankrupt act of June 22. 1874 (18 Stat. 178), the same number and amount of creditors must join in the proceedings to force a corporation into bankruptcy, that is required in the case of an individual.

[Cited in Re Oregon Bulletin Printing & Pub. Co., Case No. 10,561.]

Oliver R. McNary filed his petition in bankruptcy, alleging that the Leavenworth Savings Bank is a corporation, organized under the laws of the state of Kansas, and owes debts exceeding the sum of three hundred dollars; and that the petitioner's demand exceeds the sum of two hundred and fifty dollars; and

[1] [Reprinted from 14 N. B. R. 82, by permission. 23 Pittsb. Leg. J. 196, contains only a partial report.]
[2] [Affirmed in Case No. 8,165.]

that said bank made a voluntary assignment of all its property and effects, on or about the 21st day of December, 1875, with intent to hinder and delay the creditors of said bank, and praying that said corporation be adjudged a bankrupt. On the return day of the order to show cause, the respondent filed its motion to dismiss the said petition, on the ground that it did not allege that the said petition is presented by one-fourth in number of the creditors, and the aggregate of whose debts, provable under the bankrupt act, amounts to one-third of the debts provable under said act.

Clough & Wheat, for petitioner.
Lucian Baker, for respondent.

FOSTER, District Judge. The allegations, for the want of which the respondent moves to dismiss this petition, are material and necessary, and the petition must be held insufficient, unless any one creditor who has a debt exceeding two hundred and fifty dollars, may institute proceedings to throw the respondent into bankruptcy. This is admitted by the petitioner, but it is urged that he alone, as a creditor of the bank, and without regard to the number of other creditors, or to the amount of debts, may maintain proceedings to have respondent adjudicated bankrupt. This question involves the construction of several provisions of the bankrupt law, and if there were no precedent on the question, I should have had no hesitation in holding this petition insufficient. So far as my knowledge extends, there has been but one decision made, touching the point at issue. In Re Oregon Bulletin Printing & Pub. Co. [Case No. 10,558], Judge Deady, of the United States district court of Oregon, held that in proceedings against a corporation it was not necessary that the petitioning creditors should constitute one-fourth in number, holding an aggregate of one-third of the provable debts, but that any creditor, however small his debt, could institute and maintain proceedings in bankruptcy against a corporation. The opinion of so able a judge carries with it no little weight in my estimation, and I have carefully studied the reasoning of that case, and brought to this inquiry my best understanding, and am compelled to say, I am not satisfied with the precedent established in the Oregon case.

On several points I fully agree with the learned judge who decided that case; but on the construction of section 37 of the act of 1867 [14 Stat. 535], and the corresponding section (5122) of the Revised Statutes, I reach a different conclusion. It seems apparent to me, that the intent of sections 37 and 5122 was to place the corporations therein mentioned on the same footing with individual debtors, with the exception that no allowance or discharge should be given the corporation. The first paragraph of the section is in these words: "That the provisions of this act shall apply to all moneyed, business, or commercial corporations, and joint stock companies." Among the provisions of the act we find that the respondent must owe debts exceeding the sum of three hundred dollars, and must have committed some one of the acts of bankruptcy defined by the law; and another provision of the act is that any creditor having a debt exceeding two hundred and fifty dollars, may then institute the proceedings. These are all provisions of the act, and section 37 makes them apply to moneyed, business, or commercial corporations, and joint stock companies.

Do the words following limit or modify the comprehensive scope of the first paragraph? The section goes on to provide how the corporation may be put into voluntary and how into involuntary bankruptcy. If the latter, "upon the petition of any creditor or creditors of such corporation or company, made and presented in the manner provided in respect to debtors, the like proceedings shall be had and taken as are hereinafter provided in the case of debtors." The petition is to be made in the manner provided in the case of debtors. Now, it would seem this term implies that the contents of the petition and the form of the petition must be the same as provided with respect to debtors; it must be a creditor who can make a like petition. This construction reconciles the terms with the manifest intent of the first paragraph of the section.

To farther demonstrate that the law-making power intended to make no discrimination as to proceedings against persons and corporations, but rather to place them on an equal footing (always excepting allowance and discharge), it was provided in section 48, Rev. St. § 5013, that the word "person" shall also include "corporation." Now, take section 39, and where it says "person," read it "corporation," and again we have the provisions of the act, applying to corporations.

Again; what possible reason could the congress have had, to discriminate against the corporation, and permit a creditor to the amount of one dollar, to institute proceedings against it, while an individual could not be proceeded against, except by a creditor or creditors holding indebtedness of over two hundred and fifty dollars. There could have been no reason why an aggregation of persons and money, constituting a corporation, and undertaking and carrying on great and important enterprises, such as no one individual could perform, should be thrown supinely in the power of its smallest creditor. In this state (excepting railroad, and religious or charitable corporations), and in many other states, the stockholder is individually liable for debts of the corporation, to an additional amount, equal to the stock owned by him. Then, for the protection of creditors, here is a double liability of the stockholders, together with all the assets and property of the company, and the franchise, which

may be sold as provided in rule 21. Assuming, as I am compelled to, that it was the purpose of the original act of 1867 to place persons and corporations on the same footing, is there anything in the subsequent acts which tends to show an intention to change this rule. The title "Bankruptcy," in the Revised Statutes, re-enacts all these provisions contained in the first act. Section 5122 is the old section 37, word for word, omitting "creditors" and "hereinafter." The reason for omitting the former is explained by reading the first act in the volume. "In determining the meaning of the Revised Statutes, or of any act or resolution of congress, passed subsequent to February 25, 1871, words implying the singular number may extend and be applied to several persons or things." The omission of the word "hereinafter" was necessary, because what had been section 39 had been divided into several sections, 5021, 5022, and 5023, and all coming before, instead of after 5122, as in the original act. As before stated, section 39 was re-enacted in the Revised Statutes without material change of the old section. Section 48 of the old law, making the word "person" include "corporation," was re-enacted without any change in section 5013. On page 1 of the Revised Statutes it is further provided: "The word 'person' may extend and be applied to partnerships and corporations." Then it cannot be maintained that there is anything in the Revised Statutes indicating any purpose to change the law as it before stood on this subject.

This brings us down to the amendatory act of June 22, 1874, and that act having been drafted and passed as an amendment to the act of 1867, which was on the same day repealed by the Revised Statutes, instead of as an amendment of the act in the statutes, has complicated the law, and made quite a muddle. It has left untouched, however, the law as it before stood, in section 37, and re-enacted in section 5122. The amendatory act of June 22, 1874, leads to some speculation, more interesting for novelty than for materiality. On the same day. to wit: June 22, 1874, two acts of congress became laws: the one repealing the old law of 1867, and the other amending it, and inserting and striking out words in different sections.

Now, if the repealing act of the Revised Statutes took precedence over the amendatory act, it would result that congress undertook to amend a law which had already been repealed. On the other hand, if the repealing act was subsequent in time to the amendment, as the repealing act only repeals all acts passed prior to December 1, 1873, it does not carry with it the amendatory and supplemental act of June 22, unless the repeal of the original law would, ipso facto, carry with it all amendments made after the 1st of December. Again, section 5601, the last one in the Revised Statutes, provides that the revision is not to affect or repeal any act of congress passed since December 1, 1873, and when such act conflicts with the revision, it is to be regarded as a subsequent statute, and as repealing any portion of the revision inconsistent therewith. The act of June 22 also has a clause, repealing all acts or parts of acts inconsistent therewith, and it might as well be argued that the act of June 22 repealed the act in the Revised Statutes as to claim the reverse. But as both laws were approved on the same day, it would seem neither took precedence over the other, and if possible should be harmonized, and both be permitted to stand.

This is not difficult to do. The Revision, § 5596, repeals all acts passed prior to December 1st, 1873, any portion of which is embodied in any section of said revision; but further provides, "and the section applicable thereto (in the revision) shall be in force in lieu thereof." Then, by this provision, section 5122 became in force in lieu of section 37. Sections 5021–5023 in lieu of section 39, and section 5013 in lieu of section 48, of the old law.

It seems to me a fair construction of all the provisions would lead the courts to hold that the amendatory act of June 22 in effect modified or amended the bankrupt act as contained in the Revised Statutes, designating inadvertently the sections of the original law, instead of the sections passed in lieu thereof on the same day, in the revision. Certain it is that the courts invariably recognize both acts as being in force, and wherever the amendment has changed any sections of the act of 1867 we apply the change to the corresponding section in the Revised Statutes. The form of adjudication in bankruptcy still refers to the law as the act of March 2, 1867, and the supreme court of Georgia has lately held that such an adjudication was valid. "That the act of 1867, as contained in the Revised Statutes of 1874, and amended by a separate act of congress, passed June 22, is still in force; and a judgment of adjudication which recites the act of 1867 as authority for the proceeding had in October, 1874, is not even irregular, much less void." In re Ferst [Ballin v. Ferst, 55 Ga. 546].

The act of June 22, so amends sections 35 and 39 of the old law or the corresponding sections of the new law, as to require one-fourth in number and one-third in amount of the creditors to join in the petition in bankruptcy, in all cases. It makes several changes as to what constitutes an act of bankruptcy, and in what time suits for a preference may be brought, etc. Now, it would hardly be claimed that a suspension of payment of commercial paper, for fourteen days, by a corporation, would be an act of bankruptcy, while it requires a suspension of forty days by an individual; or that a preference as to a bankrupt corporation could be recovered if made within four months, while as to a person it is two months; and yet the word "person" is used in both those sections,

and a corporation is not mentioned. Surely all subsequent acts, amendatory of the title bankruptcy of the Revised Statutes would come under the provisions of section 5013 of that act, and "person" would include "corporation." And, if this act of June 22 is not an amendatory, but an independent act, it would then come under the provision of section 1 of the Revised Statutes before cited, extending and applying the word "person" to corporations in all acts passed after February 25, 1871. The context, as well as the terms of the act of 1867, and the subsequent acts, so far from showing to my mind that the word "person" was used in a more limited sense, shows quite conclusively that corporations were to be included in the provisions of the law. The motion to dismiss must be sustained.

[This case was affirmed by the circuit court upon review in Case No. 8,165.]